# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MINNIE C. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | _____ |
| JEAN LEMECK REMY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Jean Lemeck Remy ("Remy") hereby gives notice of the removal of the above-styled action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Remy states as follows:

## BACKGROUND

1. Plaintiff Minnie Smith commenced this action on January 24, 2020, by filing a Complaint in the Circuit Court of Jefferson County, Alabama. The case was assigned case number CV-2020-900342. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant are attached as **Exhibit A**.

2. Plaintiff alleges that on or about January 25, 2018, she was traveling on "Finley Avenue 20/59" in Birmingham, Alabama, when Defendant "made an improper close corner turn" while operating a tractor-trailer and collided with Plaintiff. *See* Complaint at ¶ 5. Plaintiff further alleges that such "negligent, wanton and/or wrongful conduct" was the proximate cause of her alleged physical injuries and other damages. *See id*. at ¶ 10. As a result, Plaintiff asserts several causes of action against Remy, including negligence, wanton and reckless conduct, violations of rules of the road, improper maintenance, negligent hiring, training, supervision, and retention, and negligent entrustment. *Id*. at ¶¶ 11–31. Remy denies each and every one of Plaintiff's claims.

GROUNDS FOR REMOVAL

3. This removal is based on diversity of citizenship. Under 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question."

*See Loss Mountain Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007).

4. This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The United States District Court for the Northern District of Alabama, Southern Division, encompasses the Circuit Court of Jefferson County, Alabama, so removal to this Court is proper. *See* 28 U.S.C. § 81(a)(3) and § 1441(b).

6. Remy files this removal within 30 (thirty) days of receipt of service of process. 28 U.S.C. § 1446(b). Remy was served with the Complaint and Summons on May 7, 2021. *See* Ex. A. Therefore, this removal is timely.

DIVERSITY OF CITIZENSHIP

7. Plaintiff and Defendant are citizens of different states, and no other named or served defendant is a citizen of Alabama, thus there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) and § 1441(b).[1]

8. Plaintiff is a resident citizen of Alabama. *See* Complaint at ¶ 1.

9. Remy is a resident citizen of Florida. *See id.* at ¶ 3.

---

[1] Cornerstone Logistics, USA, L.P. ("Cornerstone"), a second defendant named in Plaintiff's Complaint, is not considered for purposes of this removal, because Cornerstone was dismissed as a defendant from the underlying state court action prior to being served. *See* Ex. A at Doc. 9.

10. The citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b).

11. As no plaintiff is a citizen of the same state as any defendant, complete diversity of citizenship exits.

## AMOUNT IN CONTROVERSY

12. The amount in controversy requirement is met. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), and a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). When determining whether this burden is met, this Court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Id*. at 1062-63.

13. Although Plaintiff's Complaint does not specify the precise dollar amount Plaintiff seeks to recover, a full and fair reading of the Complaint makes clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff alleges that Remy's improper conduct caused her to suffer property damage and physical injuries to multiple areas of her body which resulted in "great physical pain and mental anguish," medical expenses, and an inability "to

pursue many normal and usual activities." *See* Complaint at ¶ 10; *see also Jones v. Novartis Pharmaceuticals Co.*, 952 F.Supp.2d 1277, 1283 (N.D. Ala 2013) (finding that the face of the complaint supported that the amount in controversy was over $75,000 when Plaintiff alleged that she suffered severe injuries and had continuing medical treatment).

14. Moreover, Plaintiff explicitly seeks punitive damages, which must be considered when determining the amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered."); *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009).

15. Plaintiff also seeks damages for mental anguish, which confirms that the amount in controversy is satisfied. Indeed, as other decisions have noted, "the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, No. 12-AR-2879-S, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013); *see also Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("[P]laintiffs . . . who want to pursue claims against

diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court . . . .").[2]

16. Based on Plaintiff's various damages allegations, including claims for punitive damages and mental anguish, the amount in controversy exceeds $75,000 at the time of removal as required under 28 U.S.C. § 1332(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

17. As of the date of this filing, Remy is the only properly joined and served defendant, so consent of other defendants is not required. 28 U.S.C. § 1446(b)(2)(A).

18. Pursuant to 28 U.S.C. § 1446(d), Remy will file a Notice of Filing Notice of Removal with the Circuit Court of Jefferson County, Alabama. Copies of that Notice, together with this Notice of Removal, are being served upon all counsel of record pursuant to 28 U.S.C. § 1446(d).

19. Remy reserves the right to amend or supplement this Notice of Removal.

---

[2] *See also Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, No. 2:15-CV-1225-WMA, 2015 WL 4985474, at *2 (N.D. Ala. Aug. 20, 2015) (denying a motion to remand where the plaintiff did not disclaim entitlement to any amount over $74,999.99).

WHEREFORE, Remy requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Jefferson County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

                                      Respectfully submitted,

                                      */s/ William H. Morrow*
                                      William H. Morrow
                                      One of the Attorneys for Jean Lemeck Remy

OF COUNSEL:

William H. Morrow (MOR101)
W. McKinley Dunn (DUN063)
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
(205) 581-0700
wmorrow@lightfootlaw.com
mdunn@lightfootlaw.com

## CERTIFICATE OF SERVICE

I certify that on June 3, 2021, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system. I also served a copy by electronic and/or U.S. mail to:

Julian Hendrix
P.O. Box 856
Fairfield, AL 35064
(205) 746-7206
jnhx@bellsouth.net
*Attorney for Plaintiff*

/s/ William H. Morrow
Of Counsel